UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**Margaret B. Anderkin**
    Plaintiff

vs.

**Mercantile Adjustment Bureau, LLC.**
**6390 Main St.**
**Williamsville, N.Y. 14221**
    Defendant

Case No. 1:09cv850

Judge

**Complaint Seeking Civil Damages, Attorney Fees For Deceptive, Unfair, and Unconscionable Debt Collection Practices under the Fair Debt Collection Practices Act & the Ohio Consumer Sales Practices Act and Jury Demand**

### Claim One For Relief
### [Fair Debt Collection Practices Act]

### Jurisdiction

    1. This claim is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. [hereinafter referred to as the "Act"].

    2. This claim is for both statutory and actual damages brought by Plaintiff for Defendant's violations of the Act, which expressly prohibits a debt collector from engaging in abusive, unconscionable, deceptive and unfair debt collection practices.

3. The jurisdiction of this Court is invoked pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C.§1337. Venue is proper in view of the fact that the unlawful conduct is alleged to have taken place in Clermont County, Ohio where the Plaintiff resides and, therefore, within this District.

### Parties

4. Plaintiff, **Margaret Anderkin,** [hereinafter referred to as **"Plaintiff"**] is, and was at all times mentioned herein, a "consumer" as defined in the Act, 15 U.S.C. §1692a(3).

5. Defendant, Mercantile Adjustment Bureau, Inc. **[**hereinafter referred to as **"MAB"** or "Defendant"**]** is a Limited Liability Corporation organized and existing under the laws of the state of New York which has its principal place of business at 6390 Main St.. Suite 160, Williamsville, N.Y. but which operates and transacts business throughout the state of Ohio and other jurisdictions and through the use of U.S. mail, the telephone and other means of interstate commerce and which specializes in the collection of consumer debt and, therefore, is a **"debt collector",** as defined in the Act at 15 U.S.C. **§**1692a.(6).

6. The debt in question, if owed by the Plaintiff, would have been incurred for personal, household or family purposes.

### Individual Factual Allegations

7. Plaintiff was designated as an authorized user under a Bank of America credit card account [hereinafter the "account"] obtained by her former husband. By virtue of this fact, Plaintiff was not legally obligated or responsible for the payment of this account and was specifically informed of this by the creditor prior to the events alleged hereinafter.

8. On or about November 9, 2009 Defendant's employee representative telephoned Plaintiff's residence leaving a message for her ex-husband to call concerning the account.

9. Plaintiff returned the call and was transferred to a Ms. Moran. Plaintiff attempted to inquire why she would receive a call for her ex-husband who had never resided at her current residence. Plaintiff further attempted to inquire whether this a debt collector expected her to pay the account since she received previous assurance from the creditor that she was not legally responsible for the debt or account.

10. Ms. Moran responded that Plaintiff would, in fact, be held responsible for payment and that she had already "sent it [the account] off for litigation and we are suing you." All further discussion consisted of this person literally yelling at Plaintiff and how Plaintiff was "wasting her time." When Plaintiff attempted to obtain additional information from this person such as the spelling of her name, the name of her company and its address, her response was to yell "BLAH, BLAH, BLAH" and then she rudely hung-up on Plaintiff.

11. When Plaintiff attempted to call back this person answered the telephone and hung-up on her again. When Plaintiff called back once more, this same person stated that she had called the police and that she was going to press harassment charges against Plaintiff and then hung-up on her again.

12. On November 10, 2009 Plaintiff once more attempted to telephone Defendant as she was attempting to resolve the issue of whether she was, in fact, being held responsible for payment on the account. On this occasion a man answered who refused to respond to any questions explaining that she was not on the account and, therefore, couldn't respond to any of her questions. He then told Plaintiff to "wait a minute", yelled for Ms. Moran and, so that Plaintiff could hear her, Ms. Moran stated that she didn't want to speak with Plaintiff because "she was crazy." When Plaintiff, once again, attempted to explain that she just

wanted a definitive statement as to whether she would be held responsible for payment of the account, this man hung-up on her.

13. All of this described behavior, in addition to violating several sections of the Act, justifiably caused Plaintiff extreme emotional upset.

14. Without limiting the scope of any violation which may have been committed, Defendant's conduct described hereinabove constituted the following deceptive, unfair and unconscionable debt collection activities in violation of the Act:

(a) the false representation to the Plaintiff of the character, amount or legal status of the debt in violation of 15 U.S.C. §1692e(2)(A);

(b) the threat to take action that cannot be legally taken or was never intended to be taken against the Plaintiff in violation of 15 U.S.C. §1692e(5);

(c) the utilization of false and deceptive means to collect or to attempt to collect a debt against Plaintiff in violation of 15 U.S.C. §1692e(10);

(d) engaging in conduct which had the natural consequence of abusing and oppressing Plaintiff in violation of 15 U.S.C. §1692d.and,

(e) by falsely representing to Plaintiff in connection with acquiring location information from her that she was the one who owed a debt in violation of 15 U.S.C. §1692b(2).

## Second Claim For Relief
### [Ohio Consumer Sales Practices Act]

### Jurisdiction

15.  This claim is made pursuant to the Ohio Consumer Sales Practices Act (hereinafter "OCSPA" or the "Act") Ohio Rev. Code ("O.R.C") § 1345.01 *et seq*.

16.  The jurisdiction of this Court is invoked pursuant to the principles of pendent or ancillary jurisdiction as set forth in 28 U.S.C. §1367, in that the claim herein arose out of the same basic facts, which gave rise to the principal federal claim.

### Parties

17.  The parties are the same as those alleged in claim one.

18.  Plaintiff is a "consumer" as defined in O.R.C. §1345.01(D).

19.  Defendant is a "supplier" as defined in O.R.C §1345.01(C ) in that, subsequent to the consummation of a consumer transaction, Defendant engaged in the conduct of attempting to collect a debt.

### Allegations

20.  Plaintiff hereby incorporates each and every allegation of claim one as if fully rewritten herein.

21.  Defendant's conduct in set forth above in connection with a consumer debt, constituted an unfair, unconscionable and deceptive consumer sales practice in violation of O.R.C. §1345.02 and O.R.C.§1345.03 as follows:

22. Defendant knowingly made misstatements in connection with the collection of a debt arising from a consumer transaction which were designed to exaggerate the remedies or power of Defendant to collect a debt or the consequences to the Plaintiff of non-payment of the debt which Plaintiff was likely to rely to her detriment in violation of O.R.C. §1345.03(B)(6);

23. Defendant falsely misrepresented the rights, obligations and remedies that the Plaintiff, as a consumer, had under law in violation of O.R.C. §1345.02(B)(10);

24. Plaintiff is entitled under the Act elect to recover statutory damages and actual damages.

25.  Further, unless Defendant is enjoined and restrained from continuing the foregoing illegal practices, Plaintiff will suffer substantial and irreparable injury for which there is no adequate remedy at law.

## **Prayer for Relief**

Plaintiff prays for the following relief:

a. On each claim for relief, statutory and actual damages as may awarded by the Court;

b. On the second claim for relief, a declaration that the activity and conduct of the Defendants was unlawful;

c. On the second claim for relief, an injunction prohibiting Defendant from engaging in such conduct now and in the future;

d. On each claim for relief, reasonable attorney fees for all services performed by counsel in the prosecution of this claim as provided by law;

e. On each claim for relief, reimbursement for all costs and expenses incurred in connection with the prosecution of these claims;

f. For a trial by jury on all appropriate issues; and

g. For any and all other relief this Court may deem appropriate.

                      Respectfully submitted by:

                      **/s/Steven C. Shane**
                      Steven C. Shane (0041124)
                      Trial Attorney for Plaintiff
                      P.O. Box 73067
                      Bellevue, KY 41073
                      (859) 431-7800
                      (859) 431-3100 fax
                      shanelaw@fuse.net